## Louis F. A. Hedrich, Defendant in Error, v. United States Brewing Company, Plaintiff in Error.

### Gen. No. 22,292.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court. at the March term, 1916. Reversed and remanded. Opinion filed April 10, 1917.

### Statement of the Case.

Action by Louis F. A. Hedrich, plaintiff, against the United States Brewing Company, defendant, to recover rent for the lease of premises by defendant from plaintiff. From a judgment for plaintiff for $198.79, defendant brings error.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; ARTHUR C. MARRIOTT, of counsel.

JOSEPH G. SHELDON, for defendant in error.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT—*when lease construed against party drafting it.* The whole of a lease must be considered, and force and meaning given to every part, if possible, and doubtful and inconsistent reservations or conditions should be given a construction least favorable to the party drafting the instrument.

2. LANDLORD AND TENANT, § 76*—*when tenant no right to terminate lease.* In an action to recover rent on a lease of premises for the term of one year, where the lease was drafted by the defendant, and provided that it was made on condition that a saloon license would issue, and that in the event of the city's refusal to issue a license or its revocation of one theretofore issued, the lessee might

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

terminate the lease on ten days' written notice, and that, in case of destruction or rendering of the premises uninhabitable by fire, rent should abate until the premises were rebuilt or rendered fit for occupancy, and in case of failure to rebuild or repair the lease might be terminated upon notice, and that the lessee reserved the right to terminate the lease at any time on ten days' notice, *held* that the ten-day cancellation provision had application only in case of total destruction by fire, or failure to put the premises in habitable condition after damage by fire, and that consequently the defendant did not have the right to terminate the lease at any time.

3. LANDLORD AND TENANT, § 321*—*when exclusion of evidence in action for rent is reversible error.* Where, in an action for rent under a lease, one of the issues involved was the ownership of certain property which the lessee removed from the demised premises, and plaintiff introduced evidence as to his ownership and installation of the property, and defendant offered countervailing evidence that it had installed the property, and an objection by plaintiff to such evidence was sustained, *held* that as the value of the property was included in plaintiff's claim and constituted part of the allowance of damages, the refusal to admit such evidence constituted reversible error.